UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JODY LYNN GARY** | : | **CIVIL ACTION NO. 16-cv-473** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WOMEN & CHILDREN'S HOSPITAL OF DELAWARE, LLC (a/k/a LAKE AREA MEDICAL CENTER)** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand [doc. 14] and Motion for Leave to Amend [doc. 15] filed by plaintiff Jody Lynn Gary ("Gary") in response to a Notice of Removal [doc. 1] by defendant Women & Children's Hospital of Delaware, LLC, a/k/a Lake Area Medical Center ("LAMC"). LAMC opposes both motions. For the reasons stated below, **IT IS RECOMMENDED** that the Motion for Leave to Amend be **DENIED** and the Motion to Remand be **DENIED AS MOOT**.

### I.
#### BACKGROUND

This case arises from an accident that allegedly occurred at LAMC, a hospital in Lake Charles, Louisiana, on September 29, 2014. Doc. 8, att. 1, p. 5. Gary claims that she was a visitor at the hospital and was exiting the second floor restroom when she slipped and fell in a puddle of water from a water fountain[1] and suffered injuries. *Id.* at 5–6. She brought suit in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, on August 5, 2015, naming LAMC as the sole

---

[1] The leaking device is referred to as a water cooler in the complaint but as a water fountain in subsequent memoranda and deposition testimony. *See, e.g.*, doc. 14, att. 2, p. 1; doc. 19, att. 1, pp. 3–4. We adopt the later-used term for the purposes of this report and recommendation.

-1-

defendant but also alleging that fault might lie with "its agents, servants, and employees," and seeking to hold it liable for her injuries under a theory of premises liability and general negligence. *Id.* at 5–7.

On January 29, 2016, LAMC supplemented its answers to Gary's interrogatories to provide the identity of all LAMC employees, totaling eight individuals, on duty in the area and time of Gary's fall. *Id.* at 50–52. LAMC received a medical report via email from Gary's counsel on March 14, 2016, indicating that Gary would require surgery as a result of her injuries. Doc. 3, att. 1. It then filed a notice of removal to this court on April 8, 2014, on the basis of diversity jurisdiction, 28 U.S.C. § 1332, alleging that Gary is a citizen of Louisiana, LAMC is a citizen of Delaware and Tennessee, and the amount in controversy exceeds $75,000. Doc. 1.

On April 11, 2016, LAMC further supplemented its discovery responses to provide an "event report" from the date of the accident. *See* doc. 21, att. 4. The report contained the following summary:

> The water fountain was reported broken earlier in the day by the day housekeeper who had mopped the floor up several times due to the fountain being used but not draining correctly. An out of order sign was placed on the water fountain which had been removed by some unknown party; this sign was replaced and again removed by some unknown party. The nurses marked the floor for caution with a wet floor sign and attempted to contact housekeeping to mop up the water. 15 minutes later the visitor slipped on the wet floor, as stated house supervisor was notified of slip and visitor transported to the ER for further evaluation, housekeeping arrived and moped [*sic*] the floor, another out of order sign was placed on the water fountains.
>
> Upon further discussion with the L&D nurse asked why she had not herself gone to place blanket on the floor she stated she did look over at the area and there was already a wet floor sign by the leak. The RN stated she did not realize the extent of the water leak to another area of the floor. She contacted housekeeping who took about 15 minutes to respond.

*Id.* at 3.

Depositions of LAMC employees Angela Andrepont, Josephine Teague, and Dorothy Renee Thornton were conducted on January 24, 2017. Doc. 14, atts. 4, 5, and 6. Gary contends that these depositions revealed a sufficient basis to hold Thornton and another LAMC employee, Brandi McAdams, individually liable for her injuries due to their alleged knowledge of the water leakage and failure to ensure it was cleaned up before she slipped. Accordingly, she now seeks leave to amend her complaint and name both of these individuals as defendants. Doc. 15. Because McAdams and Thornton are both alleged to be residents of Louisiana,[2] permitting amendment would deprive this court of subject matter jurisdiction over the action by destroying diversity. Thus Gary also moves to remand. Doc. 14. LAMC opposes both motions, arguing that leave to amend should not be granted and that there is thus no basis for remand. Docs. 18, 19.

## II.
## LAW & ANALYSIS

### A. *Motion for Leave to Amend*

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Leave to amend is within the trial court's discretion but should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, this guidance by no means renders leave to amend automatic. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006).

As LAMC points out, post-removal amendments that would destroy diversity are subjected to closer scrutiny than ordinary amendments. *Parish Disposal Industries, LLC v. BFI Water Svcs.,*

---

[2] *See* doc. 15, att. 2, p. 2 (proposed pleading, alleging that McAdams may be served at her residence in Ruston, Louisiana, and Thornton may be served at her place of employment in Lake Charles, Louisiana). Proof of McAdams' and Thornton's residency has not been provided, but Gary states in her memorandum in support of her motion to remand that they are Louisiana residents and LAMC does not contest this statement. *See* doc. 14, att. 2, p. 2.

*LLC*, 2014 WL 2207870, \*4 (W.D. La. May 27, 2014) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). The court should balance a number of factors in order to determine whether more weight should be given to the defendant's interest in maintaining a federal forum or the competing interest of trying all related matters in a single suit. *Id.* These factors include:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;
> (2) whether plaintiff has been dilatory in seeking amendment;
> (3) whether plaintiff will be significantly prejudiced if amendment is not allowed; and
> (4) any other factors bearing on the equities.

*Id.* at \*4–\*5 (citing *Hensgens*, 833 F.2d at 1182).

### 1. *Purpose of amendment*

In determining whether the purpose of an amendment is to destroy diversity, courts consider whether the proposed amendment presents a valid cause of action. *Mallery v. Becker*, 2014 WL 60327, \*2 (W.D. La. Jan. 7, 2014). If the amendment presents a valid claim, "it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." *Schindler v. Charles Schwab & Co., Inc.*, 2005 WL 1155862, \*3 (E.D. La. May 12, 2005) (emphasis in original). However, the court also considers when the plaintiff knew or should have known of the non-diverse defendant's identity, as "a plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knows of a non-diverse defendant's identity . . . suggests that the purpose of the amendment is to destroy diversity." *Tomlinson v. Allstate Indem. Co.*, 2006 WL 1331541, \*3 (E.D. La. May 12, 2006) (quoting *Schindler*, 2005 WL 1155862 at \*3).

Josephine Teague, an employee of LAMC, investigated the incident and stated in her deposition that Thornton, who had been the charge nurse when the plaintiff was injured, had been

alerted to the existence of the water on the floor before the plaintiff's accident. Doc. 14, att. 5, pp. 3, 5. Teague stated that Thornton then sent McAdams out to put blankets down over the water until housekeeping could clean the area. *Id.* However, she (Teague) maintained that Thornton did not do a full inspection of the area and that McAdams failed to put towels over all of the areas that were wet. *Id.* at 6. In her deposition, Thornton also recalled that she had called housekeeping after being informed of the leak while instructing McAdams to clean the area. Doc. 14, att. 6, p. 3. Gary thus seeks to hold Thornton and McAdams individually liable for the conditions that led to her fall, alleging among other things that they failed to inspect the premises, allowed water to remain on the floor, and failed to warn Gary of the unsafe condition. *See* doc. 15, att. 2, p. 2.

LAMC does not contest that the deposition testimony reveals a basis for a potentially valid claim against McAdams and Thornton. We, however, disagree. Gary shows no basis for holding these individuals personally liable for her accident. LAMC is the proper defendant under her claim of premises liability. *See Connelly v. Veterans Administration Hosp.*, 23 F.Supp.3d 648, 655–59 (E.D. La. 2014) (comparing and contrasting standards and burdens in Louisiana slip and fall claims against hospitals versus merchants). Assuming that Gary intends to raise claims in general negligence and assuming *arguendo* that the employees did act negligently, fault would be imputed to their employers. LA. CIV. CODE art. 2320; *see, e.g.*, *Burnett v. M&E Food Mart, Inc. No. 2*, 772 So.2d 393, 395 (La. Ct. App. 3d Cir. 2000). To circumvent this theory and hold the employee individually liable, the plaintiff must show that the employee breached a personal duty to the customer, and that this breach caused her damages. *Bertrand v. Fischer*, 2009 WL 5215988, *5 (W.D. La. Dec. 29, 2009) (citing *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973), *superseded by statute on other grounds as stated in Walls v. Am. Optical Corp.*, 740 So.2d 1262, 1265 (La. 1999)). Gary alleges no such independent duty and reiterates that Thornton and

McAdams were acting within the course and scope of their employment at the time of the accident. Doc. 15, att. 2, p. 2. Accordingly, Gary's proposed amendment is futile and the first *Hensgens* factor weighs heavily in favor of denying the Motion for Leave to Amend.

### 2. *Whether Gary was dilatory*

In determining whether an amendment is dilatory, courts often look to the amount of time that has passed between filing of the original complaint and amendment, as well as the amount of time that has passed between the original complaint and the amendment and between removal and amendment. *Schindler*, 2005 WL 1155862 at *4 (citations omitted). They may also consider how far the litigation has progressed. *Id.*

Here the proposed amendment was filed eighteen months after the original complaint and ten months after the case was removed. However, the course of discovery does not show Gary to have been dilatory in seeking amendment. After Gary received the event report in April 2016, it appears that the parties initially attempted to schedule depositions of hospital employees, including Thornton and McAdams, for July 2016. *See* doc. 21, att. 5. Those depositions were rescheduled for August 2016 due to the unavailability of the employees, and then for September 2016 due to the unavailability of defense counsel. *Id.*; doc. 21, atts. 9 & 10. Gary's counsel represents, and LAMC does not refute, that the depositions scheduled for September 2016 were cancelled due to her sudden illness. Doc. 21, p. 5. Therefore, by taking depositions in January 2017 and filing for leave to amend shortly thereafter, Gary's counsel appears to have acted with reasonable diligence and without dilatory motive. Accordingly, this factor favors granting leave to amend.

### 3. *Prejudice to Gary and other factors bearing on equities*

In determining the third *Hensgens* factor, courts consider whether the diverse defendant will be unable to satisfy a future judgment and whether the plaintiff could recover against the

proposed nondiverse defendant. *Darr v. Amerisure Ins. Co.*, 2016 WL 5110267, *8 (M.D. La. Aug. 31, 2016) (citing *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570, *5 (S.D. Tex. Dec. 7, 2009)). "[C]onsiderations of cost, judicial efficiency and possible inconsistency of results militate in favor of not requiring plaintiff to prosecute two separate claims in two forums when both arise from the same set of facts and circumstances." *Joseph v. Fluor Corp.*, 513 F.Supp.2d 664, 670 (E.D. La. 2007). Here, however, Gary has not shown that she has viable claim against the nondiverse defendants. Accordingly, there is no prejudice to her from a denial of leave to amend and this factor weighs in favor of denial.

Finally, the only issue identified under the fourth *Hensgens* factor and not already considered above is the nearness of the trial date. As Gary points out, the trial for this matter is currently set for November 2017 and amendment and remand will thus be of minimal prejudice. Therefore this factor weighs in favor of granting leave to remand.

### *4. Balancing the factors*

The lack of dilatory motive and prejudice to work already done in preparation for trial cannot overcome the fact that any negligence claims against McAdams and Thornton have prescribed. Granting leave to amend would be futile as to providing Gary with another avenue to recovery, and would instead only serve to deprive LAMC of its properly invoked federal forum. Therefore the motion for leave to amend should be denied, and there is thus no basis for remand.

### III.
#### CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that the Motion for Leave to Amend [doc. 15] be **DENIED** and the Motion to Remand [doc. 14] be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 26th day of May, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE